**CHARLES H. PENT, as Clerk of the Circuit court of Hillsborough County, Florida, v. FOREST HILLS HOLDING CORPORATION, a corporation.**

5 So. (2nd) 873.                                    January Term, 1942
March 6, 1942                                       Division A
Rehearing denied March 26, 1942

*John M. Allison,* for appellant.

*Hall & Farnsworth,* for appellee.

PER CURIAM:

Because of certain ambiguities appearing in our opinion filed herein on January 30, 1942, we have granted motion to clarify the same and the said opinion and judgment is now amended and clarified to read as follows:

Plaintiff Forest Hills Holding Corporation, on December 21, 1937, and on February 17, 1938, purchased certain described tax certificates on lands located in Hillsborough County, Florida, for which plaintiff paid the sum of $236.90 and $31.40 on the above dates respectively. Prior to issuance of the certificates to plaintiff, the clerk of the circuit court required plaintiff to pay to William E. Thompson, special attorney for Hillsborough County, for his fees and costs, which plaintiff paid directly to said attorney. Subsequently the clerk informed the plaintiff that certain lots described in said certificates had been redeemed; and plaintiff as requested deposited said certificates with the clerk for cancellation. On March 15, 1939, Stranahan Harris & Co. paid into the clerk's office $183.26 to redeem said certificates. This amount was tendered plaintiff by the clerk, but plaintiff refused to accept it as full satisfaction for cancellation of said certificates.

Plaintiff then brought its bill of complaint against Myrtle M. Culbreath, as clerk of the circuit court, for an accounting.

Thereafter plaintiff asked for leave to amend by substituting the name of Charles H. Pent for that of Myrtle M. Culbreath, as party defendant, because the former had become clerk of the circuit court since the bill had been filed. The motion was granted and the bill was so amended.

Defendant's motion to dismiss set up that there was a fatal non-joinder of necessary and indispensable parties in that Myrtle M. Culbreath individually was not joined as a

party defendant; that the bill did not allege the amount paid to William E. Thompson, special county attorney for costs and fees; and that the bill does not allege that defendant is charged with responsibility for anything that occurred prior to his assumption of office on January 7, 1941. The motion was overruled.

The defendant answered, admitting that plaintiff purchased said certificates described in the bill, and that plaintiff delivered to the clerk certain of said described certificates for redemption and cancellation; but the answer stated that defendant is without knowledge of the payments alleged to have been made to William E. Thompson, special county attorney; that the clerk's records do not disclose that said fees and costs were paid through said clerk's office; that defendant clerk is ready, willing and able to pay plaintiff the sum of $183.26, the amount paid for redemption of said certificates.

Testimony was taken before the court, after which final decree was rendered finding that plaintiff paid $545.38 for the purchase of the tax certificates sought to be redeemed, which amount included the sum paid to William E. Thompson, Attorney. The court ordered that the sum of $362.12 paid the attorney, as fees and costs on the certificates sought to be redeemed, together with $183.26 the amount paid for the redeemed certificates, plus 3% interest on the latter sum, making a total of $564.63, be paid plaintiff for the redeemed certificates; and that certain described certificates which were not redeemed, and which were enumerated in the decree, be delivered to plaintiff.

From this final decree an appeal was taken.

The first question for consideration is whether the predecessor of the present clerk was a necessary and indispensable party to the suit, so that the motion to dismiss on the ground that she was not made a party to the suit should have been granted.

The motion to dismiss stated that Myrtle M. Culbreath, individually, was a necessary party defendant in this suit. This suit involves no misconduct on the part of either clerk as an individual, involves no misplacement of or misappro-

194

priation of funds or kindred assertions. The sole purpose of this suit is to have the office of the clerk of the circuit court collect from the one redeeming the certain described tax certificates and to account for the amounts expended by plaintiff for fees and costs necessary to purchase same and, failing to collect and account for same, to pay over said amount to plaintiff prior to cancellation of said certificates. This is sought to be done even though plaintiff when purchasing said certificates, at the express request of the then clerk, the predecessor of the present clerk paid said fees and costs directly to the special county attorney and not through the clerk's office. There was no question about the payment of the fees and costs by the plaintiff. That was admitted, and the exact amount paid was admitted by both parties. Myrtle M. Culbreath, individually, was a necessary party to the suit, and the lower court erred in denying the motion to dismiss on this ground. This is true because if Myrtle Culbreath allowed redemption of certificates for less than the lawful amount required to redeem the same she, as clerk, became answerable for the deficiency due the plaintiff.

The second question for consideration is whether when the clerk required the purchaser of tax certificates to pay directly to the special county attorney costs and fees incurred by the county in pending tax foreclosure suits, as a prerequisite to the purchase of said certificates under Section 3 of the Murphy Act, Chapter 18296, Acts of 1937, the clerk is liable for collection of such costs and fees from the person redeeming such purchased certificates.

Section 3 of the Murphy Act, Chapter 18296, Acts of 1937, provides in part:

"If an action on behalf of the . . . County is then pending to foreclose taxes upon the lands covered by such certificate, or tax liens, the said purchaser shall pay to the said Clerk the costs and fees actually expended or incurred by the plaintiff in said action."

Foreclosure proceedings had been begun by the County against the property covered by these certificates in 1931 or 1932, and under the above quoted statute, the amount expended or incurred by the county in prosecution of the suit

or suits to foreclose should be paid to the clerk by the purchaser of the tax certificates. Plaintiff paid this money directly to the special county attorney, at the express request of the then clerk, instead of through the office of the clerk.

S. M. Sparkman, deputy clerk of the circuit court at that time testified in part as follows:

". . .; in October of 1937 through February 1938, if there were any tax foreclosure suits brought by County of Hillsborough pending against lands upon which application for sale of tax certificates under the Murphy Act had been filed, the clerk required that all costs and fees in such suits be paid to the attorney instituting suits, and that a statement of payment of such costs and fees be filed with the clerk before notice was given and sale made of the tax certificates on such lands. It is my opinion that this procedure was followed in the purchase by the Forest Hills Holding Corp. of the certificates involved in this case and there is on file in the office of the Clerk of the Circuit Court of Hillsborough County, Florida, a statement by William E. Thompson as attorney for the County of Hillsborough, that the costs and fees have been paid."

Mr. William E. Thompson filed, as an exhibit in the case, a certificate showing the amount paid him by plaintiff as costs and fees in the case.

Section 6 of the Murphy Act, Chapter 18296, Acts of 1937, provides that when redemption of certificates purchased under the Murphy Act are made, the one redeeming shall make "payment to purchaser thereof the amount bid therefor plus 3% per annum from the date of such certificate together with *all costs paid by such purchaser in connection with purchasing said certificate.*" (emphasis supplied)

The payment of fees and costs to Attorney Thompson was a prerequisite to issuance of said certificates to plaintiff; and certainly, *the payment of said fees and costs having been made in connection with the purchase of said certificates,* plaintiff can not require their repayment in the redemption of said certificates. The fact that the clerk, through local custom or for other reason, failed to observe the command of the statute to have payment of fees and costs made to the

clerk but instead had the purchaser pay them directly to the special county attorney, is no excuse for the clerk now to deny responsibility for the collection of said fees and costs from the one redeeming said certificates.

The third question for consideration is whether the word "costs" as used in that part of Section 6 of the Murphy Act, Chapter 18296, Acts of 1937, above quoted, includes the "fees" as well as the "costs" paid to the special county attorney.

The word "costs" as used in Section 6 of the Murphy Act, Chapter 18296, Acts of 1937, is an all inclusive term intended to cover any item, or fee or cost of whatsoever nature that was required to be paid, in addition to the purchase price of the certificate, before the certificate was issued. The law contemplates that the purchaser of tax certificates, when the same are redeemed, shall be reimbursed for these expenditures in full without interest, and that interest be paid only on the amount paid for the certificate from its date.

It appears, however, as heretofore stated, that both the sale of certificates to plaintiff and the attempted redemption of the certificates occurred when Myrtle M. Culbreath was clerk of the circuit court and that the defendant Pent had nothing to do with the transaction and was not chargeable with any error, mistake or failure to perform the official duties devolved upon him in connection with the matter. The record also shows that the necessary amount to comply with the law referred to, supra, to entitle the owner to redeem the certificates had not been paid by the redeeming owner.

It appears that it is necessary for the court to have before it and subject to its jurisdiction both Myrtle M. Culbreath and the redeeming land owner to be in position to adjudicate the rights of the parties. The plaintiff voluntarily dismissed Myrtle M. Culbreath and substituted Pent who could not in equity be held to account for a transaction in which he had no part.

The motion to dismiss for want of necessary and indispensable parties should have been granted with leave to amend by a day certain.

For the reasons stated, the decree is reversed and remanded for further procedings as the parties may be advised.

Our opinion of January 30, 1942 is cancelled and withdrawn from the files and the foregoing opinion and judgment is substituted in lieu thereof.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concur.